## SANZONE-PALMISANO CO v PERE MARQUETTE RAILWAY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4237.  Decided March 20, 1931

Joseph Rohrer, Cincinnati, and Wm. Meier, for plaintiff in error.

Waite, Schindel & Bayless, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

Sec 11273 GC, provides:

"An action against the owner or less of a line of mail stages or other coaches, a railroad company, interurban railroad company, suburban railroad company or street railroad company owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may

be brought in any county through or into which such line, railroad, interurban railroad, street railroad or electric traction railroad, passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided."

Plainly this section was intended by the legislature to fix the places where suits could be brought against the corporations named therein, including Railroad Companies, and its language definitely so provides. Other sections of the Code applying generally to foreign corporations are limited by the specific provisions of the section quoted.

The words of the statute clearly state that no suit can be filed in a county wherein no part of the line of the railroad is located.

The summons was properly quashed and the judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.